IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Nina Burgoon, | Civil Action No. 0:19-cv-338-CMC |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Mary Ann Burgoon, | |
| Defendant. | |

This matter is before the court on Defendant's motion to transfer venue to the Western District of North Carolina. ECF No. 20. Plaintiff filed a response in opposition. ECF No. 23. For reasons below, Defendant's motion is denied.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it may have been brought "for the convenience of the parties and witnesses, [and] in the interest of justice." Four factors are to be considered: the weight accorded to plaintiff's choice of venue; witness convenience and access; convenience of the parties; and the interest of justice. *Trustees of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). In the Fourth Circuit, "a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Id.*

Although the court agrees with Defendant this case could have been brought in the Western District of North Carolina, Defendant has otherwise failed to meet her burden to overcome the "substantial weight" afforded Plaintiff's choice of venue in the District of South Carolina.[1] The convenience of witnesses and parties does not weigh heavily in favor of transfer, as the District of

---

[1] Although Plaintiff originally filed this case in state court before it was removed by Defendant, the choice of the forum state of South Carolina remains relevant and substantially weighted.

South Carolina Rock Hill Division and the Western District of North Carolina border one another. Even if witnesses and parties must travel to the Federal Courthouse in Columbia for trial, the distance is not so burdensome as to outweigh Plaintiff's choice of venue. Further, as noted by both parties, only three witnesses are beyond the subpoena power of this court, and transfer to the Western District of North Carolina only brings one additional witness, Defendant's sister, within subpoena power.

Finally, although Defendant argues South Carolina has little interest in the adjudication of this case, the court disagrees. The parties dispute the impact of Performance Friction Company's ("PFC") headquarters and principal place of business located in Clover, South Carolina.[2] However, Plaintiff argues Defendant's primary place of work is in South Carolina, and contends Defendant travels here to PFC on a regular basis. The letter from Defendant notifying Plaintiff she was to be removed as President of PFC was allegedly delivered to her at PFC in South Carolina. The letter was written on PFC letterhead containing the South Carolina address, and the resignation forms enclosed were to be sent to Defendant at PFC in South Carolina. Defendant also is alleged to have delivered another letter to Plaintiff in South Carolina with notice of a special meeting of the PFC Board and shareholders, which Plaintiff claims was arranged to expand the Board, appoint new Board members controlled by Defendant, and remove Plaintiff as President of PFC. Finally, Plaintiff submits Defendant conducted much of the Estate administration for the 1991 Trust at

---

[2] PFC is a company owned in part by the Burgoon family, and the ownership and leadership of the company are contested in this lawsuit following the death of Mr. Burgoon, Defendant's husband and Plaintiff's father.

2

issue from her office at PFC in South Carolina – the final receipt for the Estate was signed by Defendant and witnessed by Tom Davis, a PFC employee located in South Carolina. Therefore, there appears to be a substantial connection between this case and South Carolina. Also, as both parties have recognized, this court is capable of applying North Carolina law as required in this case.

For the reasons above, the court finds Defendant's arguments for transfer unavailing in light of Plaintiff's choice of venue and the substantial weight given to this choice. Defendant's motion to transfer venue is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 19, 2019